**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James Frank BERRY, Defendant—**
**Appellant.**

No. 08–50259.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 11, 2009.

Ann Luotto Wolf, Esquire, Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Chase Scolnick, Esquire, Federal Public Defender's Office, Santa Ana, CA, James H. Locklin, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER and WARDLAW, Circuit Judges.

### MEMORANDUM *

James Berry appeals his conviction under 18 U.S.C. § 472 for possession of counterfeit U.S. currency, and the terms of his supervised release. We affirm the conviction and remand the sentence for the limited purpose of conforming certain conditions of supervised release to the court's oral pronouncement of sentence.

■ Although Berry may well have been uncomfortable in the patrol car, his will was not overborne. He was *Mirandized* before both interviews, which lasted about ten minutes each, and he spoke freely and voluntarily on each occasion. *See Blackburn v. Alabama,* 361 U.S. 199, 206, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); *Clark v. Murphy,* 331 F.3d 1062, 1072 (9th Cir. 2003). Agent Warren's statement that he planned to take Berry's computers was not a threat, as Berry contends, but a statement about standard procedure in the circumstances. Finally, questioning immediately stopped once Berry asked for a lawyer during the Warren interview. It is clear from the district court's decision that it necessarily found that Berry made no earlier request for counsel.

■ The district court did not abuse its discretion in treating the testimony of Agent Beamer as akin to a fact witness rather than an expert. Beamer simply testified to what he found on the hard drive of Berry's computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding. *See* Fed.R.Evid. 702.

■ As the parties agree, conditions 8 and 9 of the terms of supervised release are not consistent with the terms of the oral sentence. Accordingly, we remand for the district court to correct the judgment, so that those conditions are replaced by one that will instead provide: "The defendant shall not use or own a personal computer. If the defendant obtains employment requiring him to have and use a computer, the court will allow it."

CONVICTION AFFIRMED; SENTENCE REMANDED FOR LIMITED PURPOSE.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.